## CONE vs. FORCE.

The presumption of Law is against the freedom of negroes, held in servitude; and if the plaintiff, in a Possessory Warrant, make a *prima facie* case of rightful possession of negroes, it is not competent to the Magistrates' Court, before whom such warrant may have been returned for trial, to hear evidence of and to adjudicate the freedom of such negroes.

Certiorari, in Floyd Superior Court.   Decided by Judge HAMMOND, at the July Term, 1860.

On the 24th of January, 1850, Gilbert Cone made an affidavit before one James P. Perkins, a Justice of the Peace: "That, on the 19th of January, 1860, a certain negro woman, named Sarah, and her three children, Lydia, Rose and Jenny, having been recently in the legally and peaceably acquired possession of the said Cone, were taken and carried away from his said possession, without his consent, by fraud, violence, seduction, or other means, having disappeared without his consent, and, as the said Cone believed and knew, had been taken possession of, and carried away and harbored by Charles O. Force, under some pretended claim and without lawful warrant or authority, and that said Cone *bona fide* claimed the right to the possession of said negroes."

Upon this affidavit a warrant issued, and the said Force was arrested, and said negroes seized and brought before James P. Perkins and Duncan M. McCurry, Justices of the Peace, for a hearing.

On the trial of the matters involved in the said warrant;

the plaintiff proved that the negroes were in his possession just before the defendant obtained the possession of them, and that the plaintiff was exercising acts of ownership over the negroes; that he had paid taxes on them for three or four years.

The defendant then proved that George S. Black had seen a small negro girl in the possession of Mrs. Cone, which was said to be the child of a certain white woman, but not knowing the woman mentioned in the warrant, the witness could not say whether she was the one or not.

The defendant, also, introduced Alvin Dean, to prove that the negroes were free, according to what the said Gilbert Cone had said.

Counsel for Cone objected to the testimony of Black and Dean both, but the Justices overruled the objection and admitted the testimony.

The defendant then offered in evidence an order of the Superior Court of Floyd county, passed on the 19th of January, 1860, appointing Charles O. Force guardian of the said negro, Sarah, and her children, which order was granted upon the petition of Messrs. Underwood & Smith, attorneys for the said Sarah.

Counsel for Cone objected to this testimony, but the objection was overruled and the testimony admitted.

The testimony having closed, the Justices ordered and adjudged that the negroes named in the warrant, be given to, and remain in the possession of, the said Charles O. Force, he giving bond in the sum of six thousand dollars, in terms of the statute in such case made and provided.

The plaintiff, Cone, then applied for and obtained a certiorari, directing said Justices to certify and send up the proceedings in said case to the Superior Court, that the errors alleged might be corrected.

The Justices answered the foregoing facts, and upon the hearing, the presiding Judge dismissed the certiorari, and that decision is the error now complained of.

PRINTUP, for the plaintiff in error.

SHROPSHIRE, by T. W. ALEXANDER, for the defendant in error.

*By the Court.*—JENKINS, J., delivering the opinion.

This case was instituted by possessory warrant, sued out by the plaintiff in error, against the defendant and certain negroes, under the Act of 1821. On return of the warrant, and trial of the right of possession, plaintiff made a *prima facie* case, entitling him to have the negroes restored to his possession. Defendant offered in evidence of the freedom of said negroes, and of a proceeding before the Superior Court of Floyd county, wherein he, defendant, was appointed their guardian. To this evidence, plaintiff objected, but the Court overruled the objection and admitted the evidence. Plaintiff excepted.

The Magistrates' Court ordered the negroes into the custody of the defendant, recognizing their freedom and his guardianship. Plaintiff excepted.

The Superior Court of Floyd county, having acquired jurisdiction of the cause, by certiorari, affirmed the decisions of the Magistrates' Court, and dismissed the certiorari. Plaintiff excepted, and the decision of the Superior Court is now under review. We hold that the Court below erred in sustaining the decision of the Magistrates' Court, on the objection to the admissibility of evidence of the freedom of said negroes, and its judgment, recognizing their freedom.

It was not competent for the Magistrates' Court to entertain and adjudicate the question of the freedom of said negroes in this proceeding. The General Assembly has formally and distinctly provided, both the proceeding by which, and the forum in which, the status of negroes held in slavery, but claiming to be free, shall be investigated and determined. *Cobb's Digest,* 1007 *and* 1011. When held in servitude, and before their freedom shall have been established in the form, and by the forum thus designated, the presumption of law is against their freedom.

The plaintiff made, as already remarked, a *prima facie* case. The defendant offered no proof, to show how he acquired possession. This, the right of possession—not title—not the social status—was the legitimate subject of inquiry.

## JUDGMENT.

Whereupon, it is considered and adjudged by the Court,

that the judgment of the Court below be reversed, on the ground that the Court erred in refusing to correct, by final judgment on the certiorari, the following errors of the Court of original jurisdiction: First. In admitting on the trial of a possessory warrant for retaining possession of negroes in evidence of their freedom. Second. In adjudicating the question of freedom or slavery under this proceeding. Third. In refusing to order said slaves into the possession of the plaintiff in the warrant: